UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRAVIS J. HARVEY                                                              PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:14cv739-DPJ-FKB

THE CITY OF BRANDON,                                                        DEFENDANTS
MISSISSIPPI, et al.

ORDER

This § 1983 case is before the Court on the Motion to Dismiss or in the Alternative to

Stay Proceedings [11] filed by Defendants the City of Brandon, Richard Jamison Perry, and Jim

King. For the reasons that follow, the motion to dismiss is granted, but Plaintiff will be afforded

an opportunity to move to amend the Complaint.

I.        Facts and Procedural History

This case centers on Plaintiff Travis J. Harvey's arrest by Officers Perry and King on

February 2, 2013.  On that date, Perry, King, and other Brandon police officers "attempted a

traffic stop of an individual named Jerome Collier."  Compl. [1-1] ¶ 11. Collier "did not stop his

vehicle pursuant to the blue lights," but instead parked his vehicle on Nina Drive, "exited the

vehicle[,] and fled."  *Id.* ¶¶ 13, 14.  Brandon police officers in pursuit of Collier "knocked on the

door of the home of Travis Jerome Harvey, located at 102 Nina Drive," and, according to

Harvey, "[a]fter mistakenly identifying [him] as the individual they were pursuing, the officers

used excessive force in arresting . . . Harvey."  *Id.* ¶¶ 15, 16.

As a result of the February 2, 2013 incident, Harvey was convicted in Brandon Municipal

Court of resisting arrest and public drunkenness.  Abstract of Court Records [11-1].  Harvey

appealed his convictions to Rankin County County Court, and that court dismissed the public-

drunkenness charge but affirmed the conviction for resisting arrest.  Order Granting Mot. to

Dismiss Public Intoxication Case [11-2]; Sentence [11-3].  Harvey thereafter attempted to appeal

his conviction and sentence on the resisting-arrest charge to the Mississippi Supreme Court,

which found that the appeal should have been filed in Rankin County Circuit Court.  Not. of

Appeal [11-4]; Supreme Court Order [11-5].  To date, Harvey's conviction for resisting arrest

remains on appeal in Rankin County Circuit Court.

Before he filed the appeal of his resisting-arrest conviction, Harvey filed this lawsuit

against the City of Brandon, Mississippi; Perry; and King in Rankin County County Court.

Compl. [1-1].  In his Complaint, Harvey asserts § 1983 claims for violations of his rights under

the Fourth, Fourteenth, and Eighth Amendments, along with a slew of state-law claims.  The

alleged federal violations include claims for excessive force, unlawful arrest, and violation of due

process.  Defendants removed the case to this Court and filed their Motion to Dismiss or in the

Alternative to Stay Proceedings [11].  Following the entry of a show-cause order, Harvey

responded in opposition, and Defendants filed a reply.  The Court has personal and subject-

matter jurisdiction and is prepared to rule.

II.    Standard

In considering a motion to dismiss under Rule 12(b)(6), the "court accepts 'all

well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K.*

*Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v.*

*Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  However, "the tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, a court considering a Rule 12(b)(6) motion should limit its review to the contents of the pleadings, including "documents either attached to or incorporated in the complaint." *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012) (internal quotation marks omitted). But the Court "may also consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). The Fifth Circuit has explained that a federal court "may take judicial notice of another court's judicial action." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004). The state-court records Defendants submitted along with their motion are therefore properly before the Court.

III.    Analysis

As noted above, Harvey's Complaint contained federal constitutional claims for excessive force, unlawful arrest, and denial of due process, as well as a host of state-law claims. In response to Defendants' motion, Harvey addressed only his Fourth Amendment excessive-force

claim.  Harvey's remaining claims appear to be infirm for the reasons Defendants state and have

otherwise been abandoned.  The motion to dismiss is granted as to the abandoned claims.  *See*

*Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (explaining that "failure to

pursue [a] claim beyond [the] complaint constitute[s] abandonment").

As to Harvey's Fourth Amendment excessive-force claim, Defendants assert that it is

barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, where a § 1983 claim for

damages would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable

unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction.

*Heck*, 512 U.S. at 487.  And in the excessive-force context, *Heck* bars the claim if the plaintiff

was convicted of resisting arrest yet "claims that he did nothing wrong, [and] was viciously

attacked for no reason."  *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324 (5th Cir. 2004)

(per curiam); *accord  Whatley v. Coffin*, 496 F. App'x 414, 417 (5th Cir. 2012) (per curiam)

(holding that *Heck* bars excessive-force claim based on "a single violent encounter during which

the officers a used excessive force and [the plaintiff claims] he was wholly innocent").

But *Heck* does not bar all excessive-force claims where the plaintiff is convicted of

resisting arrest.  As the Fifth Circuit has explained,

> the determination of whether [§ 1983 excessive-force] claims are barred [by *Heck*]
> is analytical and fact-intensive, requiring us to focus on whether success on the
> excessive force claim requires negation of an element of the criminal offense or
> proof of a fact that is inherently inconsistent with one underlying the criminal
> conviction.

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).  "There seems to be universal agreement . . .

that a plaintiff who concedes that he resisted arrest but nevertheless contends that excessive force

was used against him would not find his Fourth Amendment claim barred by *Heck*."  *Jenkins v.*

4

*Town of Vardaman, Miss.*, 899 F. Supp. 2d 526, 536 (N.D. Miss. 2012); *see Whatley*, 496 F. App'x at 417 (indicating that *Heck* is no bar to excessive-force claims "that the officers' use of excessive force occurred after [the plaintiff] had ceased [resisting arrest], or that the officers used force far greater than that required for his arrest and out of proportion to his threatening behavior").

Harvey's excessive-force claim presents a close call.  The only substantive averment regarding excessive force states as follows:  "After mistakenly identifying Mr. Harvey as the individual they were pursuing, the officers used excessive force in arresting Mr. Harvey." Compl. [1-1] ¶ 16.  Viewed under the Rule 12(b)(6) standard, the averment is conclusory and at least suggests that Harvey "was wholly innocent."  *Whatley*, 496 F. App'x at 417.  If so, *Heck* bars the claim.  *Id.*  But even if Harvey did not intend to claim total innocence, he failed to plead a plausible claim that would survive *Heck*.  The Court therefore grants Defendants' motion but will permit Harvey to move to amend.  *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  The motion to amend should be filed within 14 days of the entry of this Order and should attach a proposed amended complaint that contains sufficient factual content to satisfy *Twombly* and *Iqbal* and allows the Court to determine whether Harvey's claim necessarily undermines the validity of his conviction.

IV.    Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion to Dismiss

[11] is granted as to all claims.[1]  All state-law claims are dismissed with prejudice, as are the claims under the Fourteenth and Eighth Amendments to the United States Constitution.  The Fourth Amendment claim for unlawful arrest is dismissed with prejudice until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).  Finally, the motion is granted as to the Fourth Amendment excessive-force claim, but Harvey may file a motion for leave to amend that claim within 14 days of the entry of this Order.  His motion must attach a proposed amended complaint.  Failure to so move will result in dismissal of this remaining claim with prejudice and without further notice.

      **SO ORDERED AND ADJUDGED** this the 4th day of February, 2015.

                     s/ *Daniel P. Jordan III*
                     UNITED STATES DISTRICT JUDGE

---

[1]Because the Motion to Dismiss is granted, the alternative Motion to Stay Proceedings [11] is denied as moot.

6